IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| ROY DEAN TAYLOR,<br><br>         Plaintiff,<br><br>v.<br><br>DR. SIDNEY ROBERTS,<br><br>         Defendant. | **MEMORANDUM DECISION AND ORDER GRANTING MOTION FOR SUMMARY JUDGMENT**<br><br>Case No. 2:16-cv-00097-JNP<br><br>Judge Jill N. Parrish |

Plaintiff Roy Dean Taylor raises claims under 42 U.S.C. § 1983 based on medical care he received at Utah State Prison ("USP"). Defendant Sidney Roberts, a doctor at USP who treated Plaintiff, filed a *Martinez* report (ECF No. 20); and he has moved for summary judgment (ECF No. 22). Plaintiff's response to the *Martinez* report and Defendant's Motion for Summary Judgment lacks substantive argument and evidentiary support. For the reasons set forth below, the Court GRANTS Defendant's Motion for Summary Judgment.

## SUMMARY-JUDGMENT & QUALIFIED-IMMUNITY STANDARDS

Summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Factual assertions may be supported by:

> citing to parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations . . . , admissions, interrogatory answers, or other materials; or . . . showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fed. R. Civ. P. 56(c)(1). A primary purpose of summary judgment "is to isolate and dispose of factually unsupported claims or defenses." *Celotex v. Catrett,* 477 U.S. 317, 323-24 (1986).

Ordinarily, the party moving for summary judgment bears the initial burden of showing "that there is an absence of evidence to support the nonmoving party's case." *Id.* at 325. This burden may be met by identifying portions of the record that show an absence of evidence to support an essential element of the opposing party's case. *Johnson v. City of Bountiful*, 996 F. Supp. 1100, 1102 (D. Utah 1998).

However, when a defendant asserts qualified immunity at summary judgment, the burden shifts from the moving defendant to the plaintiff. *Becker v. Bateman*, 709 F.3d 1019, 1022 (10th Cir. 2013). The plaintiff then has the burden to show that "(1) the defendant violated a constitutional right and (2) the constitutional right was clearly established." *Id.* Here, Plaintiff has done nothing to overcome this burden.

**UNDISPUTED MATERIAL FACTS**

Based on review of the record, and in light of Plaintiff's failure to substantively oppose Defendant's Motion for Summary Judgment, the Court finds the following undisputed facts:

- Plaintiff was housed in USP's Wasatch unit since his arrival on August 26, 2016, and Defendant was a USP doctor who treated Plaintiff. (Roberts Decl. ¶ 4.)
- Plaintiff's medical conditions include emphysema and degenerative disc disease, for which he has been at various times prescribed the following medications: Tramadol, Ultram, Acetaminophen, Amitriptyline, Sulindac, Cyclobenzaprine, and Flexeril. (Roberts Decl. ¶¶ 7, 8.)

- On September 18, 2015, one of Plaintiff's medications was discontinued because he diverted the pill (*i.e.*, he pretended to swallow the pill and then dropped it onto a towel on the floor). (Roberts Decl. ¶ 9; med. records 000097.)

- Besides diagnoses and treatment at USP, Plaintiff had also been treated at University of Utah Medical Center ("UMC"). (Roberts Decl. ¶ 10.)

- On November 11, 2015, UMC did an MRI on Plaintiff's lumbar spine. (Roberts Decl. ¶ 11; med. Records 000524, 000535-538.)

- On January 16, 2016, Plaintiff received treatment options during his UMC appointment. (Roberts Decl. ¶ 11; med. records 000112, 000139, 000170, 000173, 000620, 000662.)

- On April 1, 2016, Plaintiff received a nerve block at UMC, with a recommendation that he follow up in two months. (Roberts Decl. ¶ 10; med. reports 000112.)

- On May 10, 2016, at Plaintiff's appointment at UMC, Plaintiff reported no benefit from the nerve block, and Plaintiff agreed with UMC doctors to move forward with a L4-5 decompression procedure. The surgery was originally scheduled for mid-June 2016 but was postponed because of Plaintiff's pulmonary issues. (Roberts Decl. ¶¶ 10, 12; med. records 000027, 000614, 000621.)

- USP's grievance policy requires an inmate to file an initial grievance within seven working days of the event giving rise to the claim and, if the grievance is denied, appeal to two levels of administrative review. (Casper Decl. ¶¶ 8, 10.)

- Plaintiff submitted just one grievance, which denied that he had diverted his medication and alleged that, after that incident, Defendant did not prescribe medication for his back pain. (Casper Decl. ¶ 18; Grievance No. 990892469.)

• Plaintiff's Level I grievance was denied, and he submitted a Level II appeal, which was also denied. Plaintiff did not appeal to Level III. Plaintiff thus did not exhaust his available grievances before filing this lawsuit. (Casper Decl. ¶ 19.)

## ANALYSIS

### I.　　Failure to Exhaust

Federal law requires that inmates exhaust prison grievance procedures before bringing a civil right complaint. 42 U.S.C. § 1997e(a). Plaintiff has not brought a grievance on these matters to Level III, and thus his claims can be dismissed for failure to exhaust his administrative remedies. *See id.* ("No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as available are exhausted."); *see also Porter v. Nussle*, 534 U.S. 516, 529 (2002) ("[R]esort to a prison grievance process must precede resort to a court.").

### II.　　Qualified Immunity

Even if Plaintiff exhausted his administrative remedies (he did not), Defendant is entitled to qualified immunity.[1] Qualified immunity shields government officials who perform discretionary functions from § 1983 suits so long as "their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person could have known." *Gomes v. Wood*, 451 F.3d 1122, 1134 (10th Cir. 2006) (quoting *Harlow v. Fitzgerald*, 457 U.S.

---

[1] The Court addresses the defense of qualified immunity, even though Plaintiff failed to exhaust administrative remedies, because the Tenth Circuit has suggested that § 1997e(a) "does not impose exhaustion of administrative remedies as a prerequisite to jurisdiction." *Basham v. Uphoff*, No. 98-8013, 1998 WL 847689, at *3 (10th Cir. Dec. 8, 1998) (unpublished) (quoting *Underwood v. Wilson*, 151 F.3d 292, 294 (5th Cir. 1998)); *see also Wright v. Morris*, 111 F.3d 414, 423 (6th Cir. 1997) *cert. denied*, 522 U.S. 906 (holding that § 1997e(a) does not require exhaustion of administrative remedies as a prerequisite to addressing the merits of a case."). Thus, the Court concludes that it can decide whether Defendant is entitled to qualified immunity, despite the fact that Plaintiff failed to exhaust his administrative remedies.

800, 818 (1982)). Qualified immunity creates a rebuttable presumption that, once asserted, shifts the burden to the plaintiff to show that (1) the facts alleged make out a violation of a constitutional right, and (2) the right was so "clearly established" in the law that a reasonable state official would know that his actions violated such constitutional right. *Pearson v. Callahan*, 555 U.S. 223, 232 (2009). "If the plaintiff fails to satisfy either part of the two-part inquiry, the court must grant the defendant qualified immunity." *Holland v. Harrington*, 268 F.3d 1179, 1186 (10th Cir. 2001).

Here, Plaintiff has not shown a violation of his constitutional rights. To succeed under the Eighth Amendment, Plaintiff must demonstrate acts or omissions harmful enough to show deliberate indifference that offends "evolving standards of decency." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (citation omitted). The Eighth Amendment proscribes only deliberate indifference constituting the "unnecessary and wanton infliction of pain." *Id.* at 104 (quoting *Gregg v. Georgia*, 428 U.S. 153, 173 (1976) (joint opinion)). Moreover, Plaintiff must "allege acts or omissions sufficiently harmful to evidence deliberate indifference to *serious* medical needs." *Id.* (emphasis added). Plaintiff must show that Defendant's actions were more than negligent; after all, negligent failure to give sufficient medical care, even touching medical malpractice, does not equal a constitutional violation. *Id.* at 106.

*Estelle*'s deliberate-indifference standard has an objective component asking whether the alleged deprivation is "sufficiently serious," and a subjective component asking whether the defendant official "knows of and disregards an *excessive* risk to inmate health or safety." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994) (emphasis added). The subjective component questions whether prison officials acted with a "sufficiently culpable state of mind." *Clemmons v. Bohannon*, 956 F.2d 1523, 1525-26 (10th Cir. 1992). "[E]ven if a prison official has

knowledge of a substantial risk of serious harm to inmates, he is not deliberately indifferent to that risk unless he is aware of and fails to take reasonable steps to alleviate the risk." *Tafoya v. Salazar*, 516 F.3d 912, 916 (10th Cir. 2008). Thus, to establish an Eighth Amendment violation, Plaintiff must show (1) that he suffered from a serious condition that Defendant knew about and ignored and (2) that by ignoring Plaintiff's condition, or failing to take reasonable steps to alleviate the risk, Defendant caused Plaintiff serious physical harm or the unnecessary, wanton infliction of pain.

Here, Plaintiff's claims fail because Defendant did not disregard a substantial risk of serious harm to Plaintiff's health. Rather, based on uncontroverted evidence, Defendant answered Plaintiff's many medical requests and even referred him to UMC for treatment.

When the only dispute about a prisoner's medical treatment regards adequacy, "courts are generally reluctant to second guess [professional] medical judgments." *Maez v. Merrill*, No. 2:07-cv-986 TC, 2008 U.S. Dist. LEXIS 72842, at *6-7 (D. Utah Sept. 23, 2008) (unpublished) (quoting *Ferranti v. Moran*, 618 F.2d 888, 891 (1st Cir. 1980)); *see also Fitzke v. Shappell*, 468 F.2d 1072, 1076 (6th Cir. 1972). Mere disagreement between a prisoner and medical staff as to diagnosis or treatment does not support a deliberate-indifference claim. *Olson v. Stotts*, 9 F.3d 1475, 1477 (10th Cir. 1993); *LeDoux v. Davies*, 961 F.2d 1536, 1536 (10th Cir. 1992). Eighth Amendment violations occur only when medical treatment is so grossly incompetent, inadequate, or excessive as to "shock the conscience or be intolerable to fundamental fairness." *Whitehead v. Burnside*, 403 F. App'x 401, 403 (11th Cir. 2010) (citation omitted). An inmate's belief that he should have been treated differently does not show "deliberate indifference." *Scott v. Gibson*, 37 F. App'x 422, 423 (10th Cir. 2002) (unpublished) (citation omitted).

Here, Plaintiff's claims are based on, at best, a "difference of opinion" as to diagnosis

and treatment. *See Olson*, 9 F.3d at 1477. Each time, when Plaintiff reported back pain, he was offered medication. When he said the medication was ineffective, he was offered different medication. He was sent to an outside specialist for ongoing care. Further, Plaintiff's allegations that he did not receive adequate and necessary medical care are nothing more than Plaintiff's differing opinion as to the judgments made by medical professionals who continually evaluated Plaintiff's conditions during the time in question. Plaintiff's medical records clearly show that his concerns and requests were consistently addressed.

As a matter of law, offering treatment based on a professional's medical judgment, even if it is not what an inmate wants, does not rise to the level of deliberate indifference. *Self v. Crum*, 439 F.3d 1227, 1232-33 (10th Cir. 2006) ("[T]he subjective component is not satisfied, absent an extraordinary degree of neglect, where a doctor merely exercises his considered medical judgment. Matters that traditionally fall within the scope of medical judgment are such decisions as whether to consult a specialist . . . [W]here a doctor orders treatment consistent with the symptoms presented and then continues to monitor the patient's condition, an inference of deliberate indifference is unwarranted under our case law.").

Also, when records show an inmate has been monitored, attended to, and treated often, the inmate cannot show deliberate indifference. *Wingfield v. Robinson*, No. 10-cv-01375, 2011 U.S. Dist. LEXIS 125825, at *32 (D. Colo. Aug. 10, 2011) (missing subjective intent for deliberate indifference when defendants responded to grievances, examined plaintiff, and prescribed treatment more than fifteen times). Here, Plaintiff was consistently evaluated by Defendant and specialists. And Plaintiff's medical records show that he received ongoing medical help from Defendant and specialists for each medical issue raised.

Thus, even if Plaintiff could prove that alternative treatment was required, he still cannot

show that Defendant was deliberately indifferent when he relied on his judgment and UMC specialists' diagnoses and administered treatment accordingly. Defendant is therefore entitled to qualified immunity because Plaintiff has failed to show that his constitutional rights were violated.

## CONCLUSION

IT IS ORDERED that Defendant's Motion for Summary Judgment (ECF No. 22) is GRANTED. Defendant is entitled to judgment in his favor on Plaintiff's § 1983 claim. This case is CLOSED.

DATED September 22, 2017.

_____
Judge Jill N. Parrish
United States District Judge